IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3058-F

| | |
|---|---|
| SHELLY WASHINGTON, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>HOLT TROTMAN, )<br>)<br>)<br>Defendant. ) | **ORDER** |

Shelly Washington, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. Additionally, on April 1 and April 22, 2011, Washington filed motions to amend the action [D.E. 3 and 6]. On April 13, 2011, he also filed a motion for summary judgment [D.E. 5]. The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. In reviewing this complaint, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To begin, the court shall allow both motions to amend given the frivolity review has not been conducted, and the complaint has not been served. See generally Fed. R. Civ. P. 15(a). Therefore, the court conducts the frivolity review as to both the original complaint and these two motions. Williams contends that in 1996 he was tried by a jury and convicted of second degree

sexual offense and second degree rape. (Compl. IV. "Statement of Claim") In 2010, plaintiff sought DNA testing under a new North Carolina statute. (Id.) Counsel was appointed for Washington and motions were filed. (Id.) Washington appears to argue that because trial transcripts are unavailable to him and to his counsel, the DNA tests were not undertaken and his constitutional rights have been violated. (Id.) He seeks approximately $13,000,000.00 in monetary damages and may also seek injunctive relief. (Compl. V. "Relief Sought" and D.E. 3 - "Amended Complaint")

Washington originally named Assistant District Attorney Holt Trotman as the sole defendant. The claims in regard to Trotman focus on the DNA and trial transcript issues. As to this defendant and those issues, the matter is allowed to proceed. See Skinner v. Switzer, ___ U.S. ___, 131 S. Ct. 1289 (2011).

Attorney Bruce Mason is named as an additional defendant in the motion to amend [D.E. 3]. Washington attempts to make an ineffective assistance of counsel claim against Mason. However, Mason is not a proper party and is dismissed from the suit. As outlined in the amended complaint, Bruce Mason appears to have been appointed to represent Washington. A defense attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 317–24 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir.1980) (court-appointed attorney); and Deas v. Potts, 547 F.2d 800 (4th Cir.1976) (private attorney). All the claims within the complaint and amendments against Bruce Mason arise from his performance as defense counsel, and the claims and this defendant are dismissed as frivolous.

2

After review, the court finds the matter shall be ALLOWED to proceed against Holt Trotman and ALLOWS the motions to amend [D.E. 3 and 6]. Accordingly, the Clerk is DIRECTED to maintain management of the case. The court DENIES without prejudice petitioner's motion for summary judgment [D.E. 5] because it is premature. Lastly, the court DISMISSES Bruce Mason as a defendant along with the associated claims.

SO ORDERED. This, the 25th day of May, 2011.

_____
James C. Fox
Senior United States District Judge

3