IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3058-F

| SHELLY WASHINGTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| HOLT TROTMAN, | ) | |
| Defendant. | ) | |

Plaintiff Shelly Washington, an inmate in the custody of the State of North Carolina, has filed suit pursuant to 42 U.S.C. § 1983 against Defendant Holt Trotman, an Assistant District Attorney in New Hanover County, North Carolina. On May 25, 2011, during this court's required frivolity review under 28 U.S.C. § 1915, the court recognized that plaintiff appears to be bringing claims against Trotman pertaining to plaintiff's access to DNA evidence and transcripts form his state court trial in 1996. The court allowed plaintiff's action to proceed as to those issues. Thereafter the Clerk issued an Order of Investigation requesting that North Carolina Prisoner Legal Services (NCPLS) investigate plaintiff's claims and respond to the court. On August 31, 2011, NCPLS filed its response, in which it indicated that it had conducted the necessary factual investigation and legal research in plaintiff's case, but that plaintiff declined NCPLS's services. On September 9, 2011, defendant filed a motion to dismiss plaintiff's suit and a supporting memorandum, as well as a motion for sanctions.

Presently before the court are numerous motions filed by plaintiff in this matter, including: Plaintiff's June 2, 2011, Motion for Appointment of Counsel [D.E. 9]; Plaintiff's June 22, 2011,

"Motion for Amend Injunction Relief" [D.E. 15]; Plaintiff's July 7, 2011, Motion for Leave to Amend [D.E. 17] his complaint; Plaintiff's July 18, 2011, "Motion to Respond" [D.E. 18]; Plaintiff's July 27, 2011, "Motion DNA Testing Analysis be inspected (open) by Unite [sic] State District Court Clerk /s/ Dennis P. Iavarone" [D.E. 19]; Plaintiff's July 28, 2011, Motion to Appoint Counsel [D.E. 20]; Plaintiff's September 8, 2011, "Motion for Video Conference Hearing - Reappointment North Carolina Prisoner Legal Services" [D.E. 28]; Plaintiff's September 23, 2011, Motion for Appointment of Counsel [D.E. 32]; and Plaintiff's October 13, 2011, Motion to Appoint Counsel [D.E. 35]. The court will address petitioner's motions in turn.

I.  "Motion for Video Conference Hearing - Reappointment North Carolina Prisoner Legal Services"

Plaintiff's "Motion for Video Conference Hearing - Reappointment North Carolina Prisoner Legal Services" conveys his reasoning in declining the assistance of NCPLS. Plaintiff explains that he formerly believed his mother would be procuring a payed attorney to represent him, but that she was rendered unable to do so because of her health. He further states that, as of September 1, 2011, he will accept NCPLS's services.

NCPLS filed its response indicating plaintiff's refusal of its services on August 31, 2011. Plaintiff's motion is dated September 1, 2011, but is postmarked September 6, 2011. Crediting as truthful the date plaintiff marked on his motion, it is conceivable that plaintiff had reconsidered his decision to decline NCPLS's services before he even received notice of NCPLS's filing conveying that decision to this court. Moreover, the motion was filed before defendant filed his motion to dismiss on September 9, 2011. Considering the close time line of relevant events, the court deems it prudent to afford plaintiff the opportunity to avail himself of NCPLS's services, to the extent that

entity deems it reasonable and worthwhile to offer him such services. Hence, while the court will deny petitioner's motion to the extent he seeks a video conference or "re-appointment" of NCPLS, the court requests that NCPLS resume its factual investigation and legal research and respond to the court with its findings within forty-five (45) days of the date of this order.

II. Motions to Appoint Counsel

Plaintiff has filed four motions requesting that the court appoint him counsel in this matter. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant. 739 F.2d at 163 (quotation omitted). The facts of this case do not present exceptional circumstances warranting the appointment of counsel at this time. Moreover, plaintiff has demonstrated the capacity to present to the court the rudiments of his claim, including the citation of very recent Supreme Court authority which this court relied upon in its frivolity review. Accordingly, and given the court's above request that NCPLS reopen its investigation of plaintiff's case and enter an appropriate response with the court, the court finds that appointment of counsel is not required at this time. The court denies plaintiff's numerous motions for appointment of counsel without prejudice.

III. Motions to Amend

Plaintiff has filed two motions ostensibly presented as motions to amend his complaint. Plaintiff's June 22, 2011, "Motion for Amend Injunction Relief Fed. R. Civ. P. 65(a)" reiterates

3

plaintiff's unsuccessful efforts to obtain his trial transcript and DNA evidence, and then requests leave to amend as follows:

> 1. The United State [sic] District Court order the North Carolina Department of Correctional to release Plaintiff from this prison system immediately to his freedom.
>
> 2. Plaintiff be issuered [sic] a copy of his Jury Trial Transcript and copy of his DNA testing analysis.
>
> 3. All DNA testing analysis be removed from the North Carolina Database on Plaintiff - Plaintiff sentence be exonerated from his prison record.

Pl.'s Mot. For Amend Inj. Relief Fed. R. Civ. P. 65(a).

Whether construed as a motion to amend his complaint to present the injunctive demands in his motion or as a separate motion for injunctive relief, the motion will be denied. First, to the extent plaintiff seeks to amend his complaint to add his injunctive demands, the court finds that plaintiff cannot obtain the injunctive relief he seeks under the auspices of this § 1983 action. That is, this court cannot order plaintiff's release from prison or otherwise exonerate him in this action. That sort of relief may only be obtained through habeas corpus. While Rule 15(a) instructs that leave to amend a complaint should be freely given "when justice so requires," leave to amend is not appropriate where the proposed amendment is futile. Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006). Because plaintiff's proposed amendment is either redundant to his original complaint or seeks injunctive relief which cannot be ordered pursuant to this action, the proposed amendments are futile and leave to amend is due to be denied.

Of course, in predicating his motion on Rule 65(a), plaintiff more likely is requesting that the court enter a preliminary injunction under the rule. However, plaintiff clearly has not satisfied the standard for obtaining such relief. In considering whether to enter a preliminary injunction, a court

4

Case 5:11-ct-03058-F Document 37 Filed 10/26/11 Page 4 of 8

evaluates the likelihood of irreparable harm to the plaintiff if the injunction is denied, the likelihood of harm to the defendant if the injunction is granted, the likelihood that plaintiff will succeed on the merits of his claim, and the public interest. Ciena Corp. V. Jarrard, 203 F.3d 312, 322 (4th Cir. 2000). The weighing of these factors does not favor plaintiff. While he may understandably argue that he will be irreparably harmed if not immediately released from his confinement, defendant and the State of North Carolina would also suffer substantial harm were this court to interfere with the State's criminal judgments in the manner requested by plaintiff without a prior finding that plaintiff is incarcerated in violation of the Constitution. Likewise, the public interest does not favor releasing plaintiff from his confinement based only on the allegations of his complaint. Finally, and most importantly, plaintiff has not demonstrated the requisite likelihood of success on the merits of his action to warrant the relief he requests, even if the court was empowered to order such relief. Accordingly, to the extent plaintiff intends that his "Motion for Amend Injunction Relief Fed. R. Civ. P. 65(a)" serve as a motion for preliminary injunction, it is due to be denied.

Plaintiff's July 7, 2011, Motion for Leave to Amend explicitly seeks leave to amend his complaint pursuant to Rule 15(a). However, plaintiff appears to premise his request to amend on the mistaken belief that the court ruled the allegations of his complaint frivolous. See Pl.'s Mem. 2. To the contrary, the court determined that plaintiff's allegations respecting the denial of his transcript and DNA evidence should proceed beyond frivolity review. The allegations of plaintiff's proposed amended complaint again recount the difficulties he has had in obtaining the transcript and DNA evidence and then repeat the demands for declaratory judgment and damages relief that he requests in the original complaint. Because defendant has filed an answer and a motion to dismiss the complaint, and because plaintiff's proposed amended complaint does not appear to materially

5

supplement, alter, or amend the substantive allegations or demands of his original complaint and furthermore appears to be premised on a misunderstanding of the court's order in frivolity review, the court finds that justice does not require permitting amendment of the complaint at this time. Thus, the court will deny leave to amend without prejudice. Upon completion of the NCPLS's review, as set forth in this order, the court will consider whether any subsequent motion to amend is well-taken.

IV. Motion to Respond

Plaintiff's Motion to Respond recounts some of the allegations of his complaint and other motions concerning his inability to obtain copies of his transcript and DNA evidence, and then presents his assertion that "there are genuine issuers [sic] and material facts that plaintiff are entitled to judgment as a matter of law Fed. R. Civ. P. 56(c)." Pl.'s Mot. to Respond 2. He further asserts that he has shown a "genuine dispute" and requests that summary judgment "be granted to him." Id. Apart from conveying plaintiff's ignorance of Rule 56 and the law respecting summary judgment, plaintiff's motion does not clarify to what he seeks to "respond." To the extent plaintiff intends that his motion request summary judgment pursuant to Rule 56, the motion does not comply with Rule 56 and, in any event, plaintiff is not entitled to summary judgment at this time. Accordingly, plaintiff's "Motion to Respond" is denied.

V. "Motion DNA Testing Analysis be Inspected (open) by Unite [sic] District Court Clerk /s/ Dennis P. Iavarone"

Plaintiff's "Motion DNA Testing Analysis be Inspected (open) by Unite [sic] District Court Clerk /s/ Dennis P. Iavarone" appears to request that the court order a state court clerk forward to this court, for inspection by the Clerk of Court, the results of plaintiff's DNA testing analysis to be

6

performed by a lab pursuant to the developments in one of plaintiff's state court actions. This request is both beyond the scope of this court's authority in this action and would serve no purpose in the course of this court's adjudication of plaintiff's action. Accordingly, this motion is denied.

VI. Conclusion

For the foregoing reasons, the ORDERS as follows:

 a. Plaintiff's June 2, 2011, Motion for Appointment of Counsel [D.E. 9] is DENIED;

 b. Plaintiff's June 22, 2011, "Motion for Amend Injunction Relief" [D.E. 15] is DENIED;

 c. Plaintiff's July 7, 2011, Motion for Leave to Amend [D.E. 17] is DENIED;

 d. Plaintiff's July 18, 2011, "Motion to Respond" [D.E. 18] is DENIED;

 e. Plaintiff's July 27, 2011, "Motion DNA Testing Analysis be inspected (open) by Unite [sic] State District Court Clerk /s/ Dennis P. Iavarone" [D.E. 19] is DENIED;

 f. Plaintiff's July 28, 2011, Motion to Appoint Counsel [D.E. 20] is DENIED;

 g. Plaintiff's September 8, 2011, "Motion for Video Conference Hearing - Reappointment North Carolina Prisoner Legal Services" [D.E. 28] is DENIED;

 h. Plaintiff's September 23, 2011, Motion for Appointment of Counsel [D.E. 32] is DENIED;

 i. Plaintiff's October 13, 2011, Motion to Appoint Counsel [D.E. 35] is DENIED; and

 j. pursuant to this Court's Eastern District Prisoner Representation Plan, NCPLS is requested to resume its factual investigation and legal review of plaintiff's claims and file an appropriate response with the court within 45 days of the entry of this order.

7

Case 5:11-ct-03058-F Document 37 Filed 10/26/11 Page 7 of 8

SO ORDERED. This the 26th day of October, 2011.

                    *James C. Fox*
                    JAMES C. FOX
                    Senior United States District Judge