IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3058-F

| | | |
|---|---|---|
| SHELLY WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HOLT TROTMAN, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Shelly Washington, an inmate in the custody of the State of North Carolina, has filed suit pursuant to 42 U.S.C. § 1983 against Defendant Holt Trotman, an Assistant District Attorney in New Hanover County, North Carolina. On May 25, 2011, during this court's required frivolity review under 28 U.S.C. § 1915, the court recognized that plaintiff appears to be bringing claims against Trotman pertaining to plaintiff's access to DNA evidence and transcripts form his state court trial in 1996. The court allowed plaintiff's action to proceed as to those issues. Thereafter the Clerk issued an Order of Investigation requesting that North Carolina Prisoner Legal Services (NCPLS) investigate plaintiff's claims and respond to the court. On August 31, 2011, NCPLS filed its response, in which it indicated that it had conducted the necessary factual investigation and legal research in plaintiff's case, but that plaintiff declined NCPLS's services. On September 9, 2011, defendant filed a motion to dismiss plaintiff's suit and a supporting memorandum, as well as a motion for sanctions. On October 26, 2011, the court entered an Order denying several miscellaneous motions filed by plaintiff and requesting that NCPLS resume its factual investigation in light of plaintiff's representation that he would accept NCPLS's services. On December 6, 2011,

NCPLS filed its response to the court's order, indicating that appointment of counsel was not required and that it had provided advice and assistance to plaintiff. Finally, on January 19, 2012, plaintiff filed, without explanation, a motion to dismiss this case. Defendant has no objection to the motion to dismiss other than to assert that any such dismissal should be with prejudice.

Presently before the court are defendant's motion to dismiss and motion for sanctions, as well as plaintiff's "Motion to Enlarge Time for Response Court Await DNA Testing Analysis Lab., Result," and plaintiff's own motion to dismiss his case. The court addresses these motions below.

I. Defendant's Motion to Dismiss

Defendant's motion to dismiss is predicated on several provisions of Rule 12(b) of the Federal Rules of Civil Procedure, as it alleges lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. Defendant also contends that this court should abstain from exercising jurisdiction in this case and that he is entitled to absolute immunity from suit. Without ruling upon the merit of defendant's other asserted grounds for dismissal, the court finds that plaintiff has failed to state a claim upon which relief can be granted and that, therefore, this matter is due to be dismissed pursuant to Rule 12(b)(6).

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert.

2

denied, 130 S.Ct. 1740 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

Plaintiff fails to state, with any degree of specificity, an actual claim against defendant. Plaintiff's complaint is a mixture of vague, confusing, conclusory, and non-sensical allegations. Plaintiff appears to complain generally about the failure to provide his attorney with his trial transcript in relation to some pending state court proceeding in which he seeks D.N.A. testing of trial evidence pursuant to some provision of North Carolina law. Plaintiff appears to allege that the state court would not allow his request for D.N.A. testing without proof that D.N.A. evidence was a material component of his trial, and that his attorney could not meet this burden without access to the transcript. However, plaintiff fails to allege how defendant, as the Assistant District Attorney who prosecuted his case years ago, is responsible for providing a transcript, or how defendant is complicit in some scheme to withhold the transcript. The complaint simply lacks any allegation of specific wrongdoing on the part of the only defendant named in the complaint. As a result, plaintiff has failed to allege sufficient factual matter to "raise a right to relief above the speculative level[,]" and has failed to state a claim upon which relief could be granted as to defendant. Twombly, 550 U.S. at 555.

Furthermore, it appears that plaintiff has in fact received the D.N.A. testing which he alleges

3

was being denied as a result of the absent transcript. On December 12, 2011, the court received plaintiff's "Response to Motion Court Await DNA Testing Analysis Lab, Result," to which plaintiff attached a copy of lab results from D.N.A. testing conducted in November, 2011. Although plaintiff does not articulate the basis for his own motion to dismiss this action, the court reasonably concludes that his procurement of the desired testing, regardless of the availability of the transcript, precipitated the motion to dismiss.

For the reasons given above, plaintiff has failed to state a claim upon which relief could be granted as to defendant. Accordingly, the complaint is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.     Defendant's Motion for Sanctions

Defendant requests that this court enter an order imposing a pre-filing injunction against plaintiff as a result of his numerous lawsuits over the years concerning his convictions and incarceration. Defendant maintains that all of plaintiff's suits are frivolous and vexatious, and were filed merely for purposes of harassing public officials for their lawful discharge of their duties.

While the court is sympathetic to defendant's concern that plaintiff's litigiousness imposes an undue burden on those whom he sues and the court system, the court finds that imposition of a pre-filing injunction as requested by defendant is not warranted at this time. The Prison Litigation Reform Act ("PLRA") imposes a substantial limitation on an inmate's ability to bring suit in federal court, without first paying the full civil filing fee, in the event that the inmate "has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The court notes that, as of the filing of this suit, plaintiff had not yet

reached the threshold number of suits dismissed on these grounds, at least in this District, such that the court may treat him as a "three striker" subject to the restrictions on filing found in § 1915(g). While plaintiff may persist in often pursuing litigation which lacks merit or is encumbered by fatal deficiencies both procedural and substantive, his failure to grasp and heed legal concepts like immunity, claim preclusion, and issue preclusion to defendant's satisfaction is not sufficient to impose sanctions at this time. Nevertheless, the court emphasizes that it is familiar with plaintiff's tendencies and will take such actions as are appropriate under the PLRA in the event that plaintiff runs afoul of its provisions. The court finds that imposition of a pre-filing injunction or other sanctions is not warranted at this time. Accordingly, defendant's motion for sanctions is due to be denied.

III. Plaintiff's Miscellaneous Motions

Plaintiff has also filed a "Motion to Enlarge Time for Response Court Await DNA Testing Analysis Lab., Result" [D.E. # 38] and his own motion to dismiss [D.E. # 46]. Because the court finds that defendant's motion to dismiss should be granted, these pending motions are due to be denied as moot.

IV. Conclusion

For the reasons set forth above, the court ORDERS as follows:

a. defendant's motion to dismiss [D.E. # 25] is GRANTED due to plaintiff's failure to state a claim upon which relief could be granted;

b. defendant's motion for sanctions [D.E. # 29] is DENIED;

c. plaintiff's "Motion to Enlarge Time for Response Court Await DNA Testing Analysis Lab., Result" [D.E. # 38] and motion to dismiss [D.E. # 46] are DENIED

as moot; and

d.   the complaint is DISMISSED and the Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 5th day of April, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge